**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES WAYNE POU, | : | No. 680 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 2, 2014,
in the Court of Common Pleas of Erie County
Criminal Division at No. CP-25-CR-0002742-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 28, 2015**

Charles Wayne Pou appeals from the judgment of sentence entered on April 2, 2014, in the Court of Common Pleas of Erie County.  We affirm.

Following a jury trial, appellant was convicted of burglary, robbery, criminal conspiracy, four counts of recklessly endangering another person, possession of an instrument of crime, theft by unlawful taking, two counts of unlawful restraint, and four counts of terroristic threats.  The Commonwealth filed a notice of intent to seek the mandatory minimum sentence and appellant filed a **pro se** motion in objection.[1]  On February 21, 2014, appellant began representing himself.  On April 2, 2014, due to appellant's prior conviction for a crime of violence, the court imposed three consecutive

---

[1] The trial court denied this **pro se** motion during the sentencing hearing. (Notes of testimony, 4/2/14 at 10.)

mandatory minimum sentences of 10 to 20 years for appellant's convictions of robbery, conspiracy to commit robbery, and burglary. These three sentences were to be served consecutively to the sentence appellant was serving at Docket Number 3261 of 1998. The court imposed no further penalty at the remaining counts. (Notes of testimony, 4/2/14 at 16-17.)

On April 7, 2014, appellant filed a **pro se** post-sentence motion to modify sentence and a **pro se** motion pursuant to Pa.R.Crim.P. 720 for a new trial. (Docket #32, 33.) A supplemental post-sentence motion was filed on April 11, 2014, seeking an arrest of judgment and the dismissal of all charges. (Docket #35.) On April 14, 2014, appellant requested the appointment of counsel. (Docket #36.) On April 16, 2014, the trial court denied appellant's post-sentence motions. Thereafter, on April 24, 2014, appellant filed a **pro se** notice of appeal. (Docket #40.) On April 29, 2014, the trial court appointed counsel for purposes of appeal. (Docket #41.) Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

The following issues have been presented on appeal:

> [1.] DID THE TRIAL COURT ERR IN FAILING TO GIVE AN ADEQUATE ALIBI INSTRUCTION TO THE JURY?
>
> [2.] DID THE TRIAL COURT ERR IN DENYING THE DEFENSE THE RIGHT [TO] RECALL A WITNESS TO THE STAND AND RECROSS THAT WITNESS AFTER OTHER WITNESSES HAD TESTIFIED?

[3.] DID THE TRIAL COURT ERR IN ALLOWING PREJUDICIAL PHOTOGRAPHS INTO EVIDENCE, WHEN THOSE PHOTOGRAPHS HAD THE PHRASE "PENNSYLVANIA JUSTICE NETWORK" WRITTEN ON THEM AND THUS[,] PREJUDICED THE JURY BY SHOWING THEM THAT [APPELLANT] HAD A CRIMINAL HISTORY?

[4.] DID THE TRIAL COURT ABUSE ITS DISCRETION IN HANDING DOWN A SENTENCE THAT WAS MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE WHEN IT SENTENCED [APPELLANT] IN A HIGH RANGE WITHOUT GIVING ADEQUATE REASONS?

[5.] DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING [APPELLANT'S] MOTION TO OBJECT TO THE COMMONWEALTH SEEKING THE MANDATORY MINIMUM SENTENCE SINCE THE JURY DID NOT SPECIFICALLY DETERMINE THAT A FIREARM WAS USED DURING THE COMMISSION OF THE OFFENSE?

Appellant's brief at 2.

We note with disapproval that appellant's brief fails to comply with the Rules of Appellate Procedure; appellant has failed to support his first three claims with citation to the record or proper discussion. Pa.R.A.P. 2119; *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007) (it is an appellant's duty to present arguments that are sufficiently developed for our review, with pertinent discussion, references to the record, and citations to legal authorities; this court will not act as counsel and develop arguments on behalf of an appellant). Rather than dismiss his appeal, however, we choose to quickly dispose of appellant's claims on the merits.

First, appellant claims the trial court erred by giving an inadequate alibi instruction to the jury. This claim is waived because appellant did not object to the trial court's alibi instruction. (Notes of testimony, 2/12/14 at 164-165.) The trial court noted as much in its opinion. (Trial court opinion, 7/21/14 at 1.) Because appellant did not raise this claim below, it is waived. Pa.R.A.P. 302(a).

Next, appellant claims that the trial court erred in denying his right to recall a witness to the stand after other witnesses testified. Again, our review of the record reveals that appellant did not object at trial. This claim is also waived. *Id.* (*See* notes of testimony, 2/11/14 at 93.)

The third issue is whether the trial court erred in allowing "prejudicial photographs" into evidence. Appellant argues the jury was shown a photograph of him that was taken from the "Pennsylvania Justice Network" which would have implied that he had previously been involved in the justice system, which would have inflamed the jury "to the point where they would have believed he could have been the person who committed a crime." (Appellant's brief at 7.) As the trial court aptly notes, appellant did not timely and specifically object to these photographs at trial; nor does appellant indicate where in the record he lodged his objection. *See* Pa.R.A.P. 2119. Thus, the issue is waved. Pa.R.A.P. 302(a).

The fourth issue concerns the discretionary aspects of appellant's sentence. (Appellant's brief at 7.) However, appellant fails to develop his

position in the argument section of his brief and merely presents a bald accusation that his sentence is excessive without support. Appellant's brief contains no argument on this issue, boilerplate citation to case law, and no references to the record. **See Hardy**, 918 A.2d at 771 ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.").

Finally, appellant argues that the trial court abused its discretion when it denied appellant's motion to object to the Commonwealth's mandatory minimum sentence. Although appellant has not phrased his issue in terms of the legality of his sentence with this court, it is apparent from the argument he presented at the sentencing hearing and in his brief that he seeks to challenge the legality of his sentence pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151 (2013). (**See** notes of testimony, 4/2/14 at 8.)

A challenge to the imposition of the mandatory minimum sentence is a challenge to the legality of his sentence. **Commonwealth v. Foster**, 17 A.3d 332, 345 (Pa. 2011). "When examining legality of sentence questions, [the] standard of review is **de novo** and [the] scope of review plenary." **Commonwealth v. Stokes**, 38 A.3d 846, 858 (Pa.Super. 2011) (citation omitted).

While appellant avers that his mandatory minimum sentences were in relation to his use of a firearm, the trial court clearly imposed three ten-to-twenty-year sentences of incarceration for appellant's robbery and burglary convictions as a result of the second strike mandatory minimum sentencing statute. (*See* appellant's brief at 8-9; notes of testimony, 4/2/14 at 16.) Pennsylvania law provides that an offender who "is convicted . . . of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement[.]" 42 Pa.C.S.A. § 9714(a)(1).

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the offense, and not a sentencing factor, and must be submitted to the jury for proof beyond a reasonable doubt. *Alleyne*, *supra*. In *Almendarez-Torres v. United States*, 523 U.S. 224, 246 (1998), the Supreme Court explicitly stated, "the fact of a prior conviction does not need to be submitted to a jury and found beyond a reasonable doubt." *Alleyne* explicitly noted that *Almendarez-Torres* remains good law and is a narrow exception to the general rule. *See Alleyne*, *supra* at 1260 n.1. The Pennsylvania Supreme Court has determined that the Pennsylvania Constitution does not afford greater protections. *Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004). This court has explained that:

> Prior convictions are the remaining exception to ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne*** . . . , insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial rights. ***See Almendarez-Torres [supra]***.

***Commonwealth v. Hale***, 85 A.3d 570, 585 n.13 (Pa.Super. 2014).

Thus, until the United States Supreme Court revisits ***Almendarez-Torres*** or the Pennsylvania Supreme Court re-examines ***Aponte***, appellant is entitled to no sentencing relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015

- 7 -